## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

WILLIAM and MARGARET SMITH                                        PLAINTIFF

v.                          CASE NO. 1:15-CV-00065 BSM

ANTERO RESOURCES CORP., et al.                                    DEFENDANTS

## ORDER

Defendant/third-party plaintiff Antero Resources Corporation's ("Antero") motion for summary judgment [Doc. No. 63] is granted. The motion for summary judgment filed by third-party defendants SEECO, Inc., DeSoto Gathering Company ("DeSoto"), and Southwestern Midstream Services Company ("SWN Midstream") [Doc. No. 73] is denied as moot.

## I.  BACKGROUND

Plaintiffs William and Margaret Smith own property in Cleburne County, Arkansas. Pls.' Resp. Def.'s Statement Undisputed Material Facts ("Pls.' Facts") ¶ 1, Doc. No. 80. In 2006, they entered into an oil and gas lease with Antero, which permitted Antero to explore, mine, and operate facilities to gather oil and gas on the Smiths' land. Doc. No. 64-1 ("Lease") at 1. In turn, Antero engaged SEECO to create the infrastructure to extract the oil and gas. *See* Doc. No. 24 Ex. C (Antero/SEECO Operating Agreement).

In 2009, DeSoto, a SEECO affiliate, purchased land ("DeSoto Plot") adjacent to the Smiths' land to construct the appropriate facilities. The two plots are separated by a road and undeveloped area. Pls.' Facts ¶ 2. According to surveys, the DeSoto Plot is essentially a

large rectangle covering more than 400,000 square feet. *See* Doc. No. 64-2 (warranty deed); Doc. No. 64-3 at 5 (November 2015 survey); Doc. No. 64-3 at 6 (February 2015 survey). The most recent survey shows that this large lot contains a smaller rectangular area surrounded by a chain link fence. *See* Doc. No. 64-3 at 5. The chain link fence surrounds various pieces of equipment, such as a compressor building and compressor exhausts. *Id.*

The Smiths allege that the DeSoto Plot violates a single provision in the oil and gas lease. Provision 8 states:

> No well shall be drilled nearer than 300 feet to any house, barn or outbuildings without the written consent of Lessor. No pumping station, compression station, or similar equipment shall be nearer than 1000 feet to any house, barn or outbuilding without the written consent of the Lessor.

Lease at 2. The dispute focuses on the second sentence – namely, whether a "compression station" is nearer than 1000 feet to a gazebo on the Smiths' land.

Two surveys provide measurements from the gazebo to points on the DeSoto Plot. According to a February 2005 survey, the northeastern-most corner of the DeSoto Plot is approximately 990 feet from the gazebo. *See* Doc. No. 64-3 at 6. The November 2015 survey confirms this conclusion and also suggests that approximately 96-square feet lie within this 1000-foot distance. That survey also shows that the distance from the gazebo to the interior chain link fence is approximately 1101 feet from the gazebo, and the nearest piece of equipment within the fence is approximately 1166 feet.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material

fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute that must be resolved at trial. *Id.* Importantly, when considering a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Summary judgment is granted because Antero has not breached Provision 8. The issue focuses on the meaning of a single provision in a multi-page contract: "No pumping station, compression station, or similar equipment shall be nearer than 1000 feet to any house, barn, or outbuilding without the written consent of the Lessor." Doc. No. 64-1 at 2. The parties agree that the focus here is on a "compression station" and that the relevant "house, barn, or outbuilding" is a gazebo on the Smith's property. Further, viewing the record in the light most favorable to the Smiths, the Smiths have not provided Antero with consent to violate this provision. *See* Smith Aff. ¶ 4, Doc. No. 78. Therefore, the issue is whether a compression station is nearer than 1000 feet to the Smiths' gazebo.

The parties dispute the meaning of "compression station." The Smiths argue that the

3

words mean "any property that was cleared and altered for the purpose of utilizing any equipment involved in any way with compressing gas." *Id.* ¶ 5. That is, the Smiths argue that a "compression station" refers to the entirety of the DeSoto Plot, and since the survey showed that the northeastern-most corner is approximately ten feet closer than permitted, there is a breach. Antero argues that "compression station" is equipment, not property. Since there is no piece of equipment nearer than 1000 feet, there can be no breach. Thus, the meaning of "compression station" decides the case.

The first decision is whether the contract is ambiguous based on a four-corners reading of the lease. *Keller v. Safeco Ins. Co. of Am.*, 877 S.W.2d 90, 93 (Ark. 1994); *Prochazka v. Bee-Three Dev., LLC*, 466 S.W.3d 448, 452 (Ark. Ct. App. 2015). A contractual provision is ambiguous when there is doubt or uncertainty as to its meaning so that it is open to at least two reasonable interpretations. *Elam v. Unum Life Ins. Co.*, 57 S.W.3d 165, 169 (Ark. 2001). If the terms are unambiguous, its construction and legal effect are questions of law. *Tri-Eagle Enters. v. Regions Bank*, 373 S.W.3d 399 (Ark. 2010).

"Compression station" is not defined and its meaning is likely not known outside of the oil and gas industry. The word "compression" may have a known meaning, but "station" could imply both a collection of structures and machines, such as a "gas station," or a piece of equipment, such as the "space station." Contrary to the Smiths' argument, however, the presence of some uncertainty does not require submission to the jury. "[W]here the issue of ambiguity may be resolved by reviewing the language of the contract itself, it is the trial court's duty to make such a determination as a matter of law." *Elam*, 57 S.W.3d at 169–70.

4

While reviewing Provision 8 in isolation may suggest ambiguity, reviewing the entire agreement demonstrates that the Smiths' position is not a fair interpretation. *See Prochazka*, 466 S.W.3d at 450 (using entire agreement to understand single provision). Provision 8 makes clear that "compression station" is equipment and not land. The provision includes a list of three items that cannot be nearer than 1000 feet: (1) pumping station, (2) compression station, or (3) similar equipment. The third item – "similar equipment" – depends on the preceding two for similarity. The third item presumes that the preceding two terms are pieces of equipment because otherwise, the general term could not be "similar equipment." Thus, the Smiths' suggestion that a compression station is a plot of land is not a fair interpretation.

Assuming a compression station is a piece of equipment, the Smiths ask for more time to conduct discovery under Federal Rule of Civil Procedure 56(d) to explore alterations Antero made to the land and to discover whether there are pipelines buried in the small corner within the 1000-foot zone. Even assuming Antero did clear the land of trees or bury pipelines, that fact has no effect. A "compression station" must be a piece of equipment, not merely clearing land. A "compression station" cannot include pipelines because the stated purpose of the agreement separates out pipelines from stations: the purpose is "exploring by geophysical and other methods, mining and operating for oil . . . and for laying pipelines and building tanks, powers, stations, and structures[.]" Lease at 1. The agreement differentiates between the building of "stations" and the laying of "pipelines." Rather than include this miscellaneous equipment in the definition of "station," the agreement sets forth specific

5

requirements for pipelines themselves: "[Antero] shall bury all pipelines a minimum of 36 inches from surface to top of pipeline." Lease at 2 (Provision 7). Therefore, the Smiths' alternative interpretation is unreasonable.

With these principles in mind, it is clear that no "compression station" is nearer than 1000 feet from the gazebo. The request for more time to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d) is denied. Whether the land has been altered or pipelines have been buried has no effect because neither activity can be part of a "compression station." Therefore, summary judgment is appropriate because any uncertainty is resolved by referencing the contract itself, and in doing so, makes clear that Antero is not in breach. There is no need to consider extrinsic evidence. Since the liability of the third-parties was contingent upon Antero's liability, their motion is moot because Antero cannot be liable under the lease.

## IV.   CONCLUSION

For these reasons, Antero's motion for summary judgment [Doc. No. 63] is granted and the motion for summary judgment of SEECO, DeSoto, and SWN Midstream' [Doc. No. 73] is denied as moot.

IT IS SO ORDERED this 19th day of July 2016.

_____
UNITED STATES DISTRICT JUDGE